NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ARENAS-LOPEZ,<br><br>          Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>          Respondent. | No.   13-74125<br><br>Agency No. A096-733-930<br><br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2017[**]
San Francisco, California

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Luis Arenas-Lopez appeals from the Board of Immigration Appeals'

("BIA") determination that Arenas-Lopez failed to meet his burden of proof for

deferral under the Convention Against Torture ("CAT") and affirmance of the

Immigration Judge's ("IJ") decision to deny Arenas-Lopez's motion to continue.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review factual findings for substantial evidence and legal questions de novo. *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

To prove eligibility for withholding of removal under CAT, Arenas-Lopez must establish that it is "more likely than not that he . . . would be tortured if removed" to Mexico. 8 C.F.R. § 1208.16(c)(2). The torture must be inflicted "by or at the instigation of or with the consent or acquiescence of a public official." *Id.* § 1208.18(a)(1). Substantial evidence supports the Board's decision. Arenas-Lopez, as a former police officer, did not present evidence that "similarly-situated individuals" are subject to torture in Mexico. *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013). Nor did he present evidence that his suggested chain of events (i.e., that he would be recognized nearly twelve years later, the cartels would recruit him, he would refuse, and they would punish him for so refusing) is more than speculation. *See id.* (affirming the denial of CAT relief when petitioner relied on "a series of worst-case scenarios").

Because Arenas-Lopez is convicted of a qualifying offense, we are limited to reviewing his other claim for legal or constitutional error. 8 C.F.R. § 1252(a)(2)(D); *Brezilien v. Holder*, 569 F.3d 403, 410 (9th Cir. 2009). To the extent Arenas-Lopez raises due process challenges to the denial of his motion to continue his hearing, they fail. Although Arenas-Lopez was not able to submit his

2

supporting documentation by the hearing date, the IJ allowed him to submit those documents within one week of the hearing. Additionally, Arenas-Lopez asserts that his wife's testimony would have "corroborate[d] the kidnapping and torture of the petitioner as well as the extent of his injuries." Since the Board accepted as true Arenas-Lopez's allegations of previous torture, Arenas-Lopez was not prejudiced because his wife did not testify. *Colmenar v. Immigration & Naturalization Serv.*, 210 F.3d 967, 971 (9th Cir. 2000).

**PETITION DENIED.**